**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD BOYEDE OLAJIDE,<br><br>Defendant. | **Case No.: 12-CR-421 YGR**<br><br>**ORDER REMANDING TO STATE COURT** |

Based upon the allegations in the notices of removal, this Court lacks jurisdiction under 28 U.S.C. section 1443. The Court therefore **ORDERS** that this action be and is **REMANDED** to the Superior Court of California, County of Alameda, for the reasons stated herein.

**BACKGROUND**

On February 8, 2012, the State of California filed a criminal complaint against Defendant Ronald Olajide ("Olajide") for one count of driving under the influence of alcohol or drugs, in violation of California Vehicle Code section 23152(a), and one count of driving while having a 0.08% or higher blood alcohol, in violation of California Vehicle Code section 23152(b). (*See* Docket No. 1 Attach 1.)

On May 30, 2012, Defendant removed the case to this Court, arguing that, pursuant to Article III of the United States Constitution, "the Inferior Courts of Alameda county [and California state courts in general] lack lawful jurisdiction to proceed with this matter." (Notice of Removal, Dkt. No. 1, at 2 ["First Removal Notice"].)

On June 14, 2012, upon finding that Olajide's First Removal Notice lacked merit on its face, the Magistrate Judge to whom this case was originally assigned recommended remand to the

County of Alameda Superior Court. (*See* Order Reassigning Case, Report and Recommendations, Dkt. No. 2.) At the same time, the case was reassigned to the undersigned due to lack of consent to the Magistrate Judge's jurisdiction pursuant to 28 U.S.C. section 636.

On June 25, 2012, before the time period for objections had run, Olajide filed an amended notice of removal. (*See* "(Amended) Notice of Removal," Dkt. 4 ["Second Removal Notice"].) He stated the basis for removal as 28 USC 1455(a) and invoked the jurisdiction of the court under 28 USC section 1331, 1443 and pursuant to the "5th and 14th Amendment" presumably of the United States Constitution. Olajide alleged that he had not been lawfully arraigned in the Superior Court and had been denied his 4th, 5th, 6th and 14th amendment rights. He alleges that the prerequisite to arraignment is a probable cause hearing to be done within 24 hours of the arrest. He alleged that a probable cause hearing was not held and that he was, instead, taken directly to an arraignment hearing.

On September 25, 2012, Olajide filed another notice of removal titled "(Amended) Notice of Removal of Criminal Prosecution P.L. 112-63." (Dkt. No. 5, "Third Removal Notice".) At the same time, Olajide filed a Motion to Dismiss Prosecution (Dkt. No. 6.) In his Third Removal Notice, Olajide alleged that he "brings this action pursuant to P.L. 112-63 [H.R. 394] December 7, 2011" and again invoked the Court's jurisdiction under 28 U.S.C. 1331, 1443 and the 5th and 14th Amendment of the Constitution for the United States of America. As grounds for removal, Olajide alleged that various state actors who are judges or district attorneys have denied him due process and that the state has passed statutes allowing these actors to ignore rights secured to him by the 14th Amendment. He again alleged that he was required to appear before judges without first having a probable cause hearing. He added allegations that those judges are "Gaffey, Murphy and Rogers[,] all Caucasian men." (Third Removal Notice at 2:2-3.) He further alleged that the state actors are bound to discharge their duties "which may be required of such officer by any law enacted subsequently to the execution of the bond," citing California Government Code sections 1501 and 1504 but cannot produce proof of such "bond" as consistent with California Government Code section 24156. (*Id.* at 2:12-26.) He appears to contend that, because the judges and district attorneys are not required to maintain "faithful performance bonds" under section 24156, they may

ignore their oath to discharge faithfully their duties under the Federal and State constitutions so long as they are self-insured. (*Id.* at 2:12-3:11.) In the Third Removal Notice, Olajide asked this Court to dismiss the pending charges against him and to declare California Government Code section 24156 unconstitutional on the grounds that it allows for violation of due process of law.

The Third Removal Notice and Motion to Dismiss were, according to the Certificate of Service filed with the Court, served upon attorney Roy C. Scheingart for the People of the State of California on September 25, 2012. (Dkt. No. 7.)

On October 12, 2012, the Court issued an Order to Show Cause why this action should not be remanded for lack of removal jurisdiction. (Dkt. No. 9.) On October 16, 2012, Olajide filed his response to the Order to Show Cause. (Dkt. No. 10.) Olajide stated in his response that "[b]eing that your affiant is a Negro whom [*sic*] asserts his 5th amendment right to due process perview [*sic*] the civil rights acts of 1866, 1871 and 14th Amendment as a defense to this colorable state prosecution, California government code 24156 makes it inevitable that those rights will be violated." (*Id*. at 3-4.)

**DISCUSSION**

The Third Removal Notice, like the two preceding notices of removal, does not provide a basis for this Court's jurisdiction under 28 U.S.C. section 1443. None of the three notices alleges that Olajide was denied rights arising under a federal law "providing for specific rights stated in terms of racial equality." *Georgia v. Rachel,* 384 U.S. 780, 788-92 (1966); *see also City of Greenwood, Miss. v. Peacock,* 384 U.S. 808, 824-28 (1966).

As a general matter, a federal district court must remand a removed case if the court determines that it lacks subject matter jurisdiction over the matter. 28 U.S.C. section 1447(c). Although the First Removal Notice did not explicitly state the legal basis for removal, it appeared that Olajide was attempting to remove the criminal case pursuant to 28 U.S.C. section 1443. The Second and Third Removal Notices expressly cite section 1443. That statute provides, in part, as follows:

> [a]ny of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

3

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof

28 U.S.C. section 1443. "A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel* and *City of Greenwood v. Peacock*." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006) (internal citations omitted). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Id.* (quoting *California v. Sandoval,* 434 F.2d 635, 636 (9th Cir.1970)). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* "Under § 1443(1), 'the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.'" *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975) (quoting *City of Greenwood v. Peacock, supra,* 384 U.S. at 828).

Consistent with the Supreme Court's holdings, the courts have "narrowly construed" the right to removal of state criminal proceedings under this statute. *Parker v. Municipal Court*, No. 93-3285-VRW, 1993 WL 430243, at *1 (N.D. Cal. Oct. 15, 1993) (remanding prosecution for grand theft); *Nevin v. People*, 413 F. Supp. 1039, 1041 (N.D. Cal. 1976) (remanding criminal prosecution for violation of California Elections Code in which criminal defendant argued for removal under 28 U.S.C. § 1443 based on charges that district attorney conspired against him to discredit his campaign for elected office). A claim "of broad constitutional guarantees, not framed in terms of racial equality provides no basis for removal." *Nevin*, 413 F. Supp. at 1041.

Assuming that Olajide can meet the first prong of the test for removal under section 1443(1), he does not meet the second prong. Olajide points to no formal expression of state law that prohibits him from enforcing his civil rights in state court nor does he point to anything that suggests the state court would not enforce his civil rights in the state court proceedings. *See Patel*,

446 F.3d at 999. His argument misapprehends the significance, if any, of failing to provide evidence of a faithful performance bond.

Olajide does not assert that he would not have an adequate remedy in the state courts should any judge or district attorney be shown to have violated his due process rights. *Cf. City of Santa Rosa v. Patel*, C-07-3528MMC, 2007 WL 2790687 (N.D. Cal. Sept. 25, 2007) (defendants had remedies of recusal of biased judicial officer and challenge to composition of jury pool under state law, making civil rights removal improper). California law clearly requires that judge uphold the right of due process under the State and Federal Constitutions, regardless of the existence of a bond. The California Constitution, and the Code of Judicial Ethics adopted by the California Supreme Court thereunder, provide the duties of judicial officers and the mechanism for disciplining judges who do not comply with those duties. Cal. Const., art. VI, section 18; California Code of Judicial Ethics; *see Oberholzer v. Comm'n on Judicial Performance*, 20 Cal. 4th 371, 384 (1999) (California Constitution provides the mechanism for discipline of judges); *see also In re Whitney* (1996) 14 Cal.4th 1, 2–3 (disciplining judge for failure to follow the law regarding arraignment procedures); *McCullough v. Commission on Judicial Performance* (1989) 49 Cal.3d 186, 192 (disciplining judge for willful failure to provide defendant with Constitutional rights); *Kloepfer v. Commission on Judicial Performance* (1989) 49 Cal.3d 826, 838–863 (judicial discipline for willful and prejudicial misconduct by failing to protect the rights of defendants, and abuses of power involving contempt procedure, orders to show cause, and bench warrants). In addition, California law provides mechanisms for disqualification of judges should any judge be shown to have violated Olajide's due process rights. Cal. Code of Civil Proc. §§ 170.1 *et seq.*

Thus, this Court does not have jurisdiction under 28 U.S.C. section 1443. The Court therefore **REMANDS** the action to the Superior Court for the State of California, County of Alameda.

This Order terminates all pending motions.

**IT IS SO ORDERED.**
**Date: January 25, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**